UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES JOHNSON | Case No. 3:16-CR-043 JD |

**OPINION AND ORDER**

Defendant James Johnson is serving a 120-month term of imprisonment on his conviction for possessing stolen firearms. He is housed at Milan FCI and he is currently set to be released in March 2024. On December 18, 2020, Mr. Johnson filed a motion seeking compassionate release or home confinement due to the threat of the COVID-19 virus. [DE 44]. The Court referred his motion to the Federal Community Defenders Office, which determined that it is unable to assist Mr. Johnson. [DE 45, 46]. Therefore, the Court will consider Mr. Johnson's own submission. The government responded in opposition. [DE 48].

A court generally cannot modify a sentence once the sentence has been imposed. 18 U.S.C. § 3582(c). However, an exception to that general rule allows a court to modify a sentence, after considering the factors under § 3553(a), if "extraordinary and compelling reasons warrant such a reduction," the reduction is consistent with policy statements issued by the Sentencing Commissions, and the defendant has submitted such a request to the warden at least 30 days before filing a motion or has fully exhausted all administrative rights within the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). The application notes to the Sentencing Guidelines offer some examples of when extraordinary and compelling reasons may be present. Those include when the defendant is suffering from a terminal illness or is suffering from a serious physical or medical condition that substantially diminishes his ability to provide self-care within the prison.

U.S.S.G. § 1B1.13 n.1. Because Mr. Johnson submitted a request to the Warden at least 30 days before filing his motion with the Court, pursuant to § 3582(c)(1)(A), which the Warden denied [DE 44-1 at 17–18], the Court reviews the merits of the motion.

First, the Court does not find that extraordinary and compelling reasons warrant compassionate release, home confinement, or a reduction in sentence here. In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *United States v. Council*, 2020 WL 3097461, at *5 (N.D. Ind. June 11, 2020); *see also United States v. Melgarejo*, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020). In determining whether there is an extraordinary and compelling reason to modify a term of imprisonment, the Court may consider (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, (3) the age of the defendant, and (4) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic).

Mr. Johnson is currently 28 years old. According to his motion, Mr. Johnson argues he is at risk for severe illness if he contracts COVID-19 because he had childhood asthma, is currently obese, and was a lifetime tobacco user. [DE 44 at 2]. The Centers for Disease Control ("CDC") reports that the risk of severe illness from COVID-19 increases with age, and that while the greatest risk of severe illness is among those aged 85 or older, adults aged 65 and older have

increased risk. Mr. Johnson is far from this age range. The CDC has also included moderate to severe asthma among conditions that "might" be at an increased risk for severe illness from COVID-19.[1] This is differentiated from the CDC's list of conditions that *are* known to create an increased risk for severe illness. Mr. Johnson did not submit any medical records to support his motion but indicated that he had requested them from the BOP on November 23, 2020. [DE 44-1 at 7]. Based on his motion, Mr. Johnson is not currently suffering from asthma and he does not need an inhaler or any medication to control it, however he is concerned it will reoccur if infected with the virus. In July 2016, Mr. Johnson did not report any health issues at his sentencing other than prior gunshot wounds, as stated in the Presentence Investigation Report ("PSR"). [DE 13 ¶ 64]. Mr. Johnson states that he is obese with a BMI of over 30, but again, he has not submitted medical evidence to substantiate this claim. The CDC does list obesity (BMI between 30 and 40) as a condition that can increase one's risk for severe illness and overweight (BMI between 25 and 30) as a condition that might increase one's risk for severe illness. While it was over four years ago, the PSR described Mr. Johnson as 5'6" tall, weighing 140 pounds, which does not qualify as obese. [DE 13 ¶ 64]. Mr. Johnson has not submitted any contradicting evidence to this information. Mr. Johnson also asserts he was a lifetime smoker. While the CDC has listed being a former smoker as a condition that can increase the risk for severe illness, it does not constitute an extraordinary and compelling circumstance for Mr. Johnson's release. Lastly, the BOP has reported that it is in the process of distributing and administering the COVID-19 vaccine to staff and inmates under the guidance of the CDC. Based on weekly

---

[1] *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html, (last updated Feb. 1, 2021).

3

allocations of vaccines, all of the BOP's facilities are expected to receive their first dose by mid-February 2021.[2] There is no other indication that Mr. Johnson is at an increased risk of severe illness if infected with COVID-19.

The BOP's records have Milan FCI currently reporting 14 inmates and 4 staff members testing positive for COVID-19.[3] Tragically, there have been three inmate deaths at the facility. Though Mr. Johnson criticizes the way his facility has handled the virus, the BOP has implemented several precautions to help mitigate the spread. Of course, these precautions cannot guarantee that the number of positive inmates will not increase in the prison, and some prisons have experienced outbreaks despite those precautions, particularly as cases increased throughout the country. The risk of transmission is not confined to prison settings, either, and there is no guarantee that Mr. Johnson would not contract the virus if released. Thus, given all of these circumstances, the Court cannot find that extraordinary and compelling reasons warrant compassionate release or a sentence reduction. Section 3582(c) provides the only mechanism for modifying Mr. Johnson's sentence to home confinement since the Court cannot control the BOP's placement decisions, and because he is not entitled to relief under that provision, the Court cannot grant that request.

Second, even if the above facts qualified as extraordinary and compelling reasons, the Court would still deny the motion based on its consideration of the § 3553(a) factors. First, in support of his motion, Mr. Johnson asserts that he has avoided any major disciplinary infraction, maintained employment, completed three vocational training classes, and is currently enrolled in

---

[2] *See COVID-19 Vaccination Efforts Commended*, Federal Bureau of Prison, https://www.bop.gov/resources/news/20210116_covid_vaccine_efforts_commended.jsp, (last updated Jan. 16, 2021). As of February 3, 2021, the BOP has received 36,285 doses and administered 32,879 doses of the COVID-19 vaccine.

[3] *See Covid-19 Coronavirus*, Federal Bureau of Prison, https://www.bop.gov/coronavirus/, (last updated Feb. 3, 2020).

4

Automotive Vocational Technology, while maintaining employment at UNICOR Prison Industries. [DE 44-1 at 9–15]. He also stated that while incarcerated, he has developed a major amount of patience, perseverance, and discipline. Mr. Johnson is to be commended for these accomplishments, which reflect well on his desire to improve his life upon his release. As positive as these factors are, however, there are several serious § 3553(a) factors that weigh against Mr. Johnson's release. The nature and circumstances of his instant offense was serious, involving his involvement in a gun shop burglary in which 19 firearms were taken and only four were recovered. Mr. Johnson has a very serious and extensive criminal history, including three convictions in state court for prior burglaries and could have also been charged in state court with burglary from the offense in this matter. Additionally, Mr. Johnson has a history of non-compliance with court ordered conditions of release, including three probation violations. Under those circumstances, the Court does not find that the § 3553(a) factors support Mr. Johnson's compassionate release to home confinement or a reduction in sentence.

For those reasons, the Court DENIES Mr. Johnson's motion for compassionate release to home confinement or reduction in sentence. [DE 44].

SO ORDERED.

ENTERED: February 4, 2021

                                                    /s/ JON E. DEGUILIO
                                                    Chief Judge
                                                    United States District Court