UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:16-CR-43 JD

JAMES JOHNSON

**OPINION AND ORDER**

The Government has moved the Court for an order that authorizes the Bureau of Prisons ("BOP") to turn over $1,101.36 in funds held in Defendant James Johnson's BOP-controlled inmate trust account for use in paying down Mr. Johnson's outstanding restitution. [DE 62]. Mr. Johnson, who was convicted of possessing stolen firearms, is currently serving a 120-month term of imprisonment and has yet to pay $2,526.83 of the $5,460 in restitution this Court originally ordered him to pay. [DE 21; 62 at 1]. Mr. Johnson opposes the Government's motion. [DE 67].

A court order imposing restitution serves as a lien in favor of the Government on all of a defendant's property not exempted by 18 U.S.C. § 3613(a)(1). *See United States v. Sayyed*, 862 F.3d 615, 618 (7th Cir. 2017) (holding a restitution order allows the Government to "step into [the defendant's] shoes" and acquire the defendant's rights to property). Payments into an inmate's trust account do not fall into an exempted category. *See* 18 U.S.C. § 3613(a)(1). Further, a motion for transfer of funds is proper, as opposed to a motion for garnishment, when the funds at issue are within the custody and control of the BOP, as they are in this case. *United States v. Meux*, 597 F.3d 835, 837 (7th Cir. 2010).

The Government has asserted that transfer is specifically warranted here pursuant to both 18 U.S.C. § 3664(k) and § 3664(n). [DE 62 at 1]. Section 3664(k) gives a court the power to adjust the payment schedule or require immediate payment in full of a defendant's restitution if

1

there has been a material change in a defendant's economic circumstances. Under § 3664(n), "if a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." The Seventh Circuit has interpreted § 3664(n) to mean that "an inmate who receives money from any source *must* apply it to restitution still owed." *United States v. White*, 745 F. App'x 646, 648 (7th Cir. 2018).

The Court finds both § 3664(k) and § 3664(n) apply here. The Government does not provide documentation establishing the funds in the inmate trust account, but Mr. Johnson does not dispute the amount or that the money, at least in part, is from stimulus checks. The Court concludes that the influx of the stimulus funds represented a material change in Mr. Johnson's economic circumstances pursuant to § 3664(k). Additionally, the Court finds that, pursuant to § 3664(n), the influx of funds also represented receipt of substantial resources while he was incarcerated that, under the subsection, must therefore be applied to his outstanding restitution obligations. *White*, 745 F. App'x at 648.

Mr. Johnson's opposition to the Government's motion focuses squarely on the argument that he should be allowed to continue to pay down restitution on the "schedule of payments" and that he will be left with nothing if the Government's motion is granted. [DE 67 at 2]. He claims the funds in this account are for his "financial support" and that he is participating in the BOP's Inmate Financial Responsibility Program ("IFRP").[1] Even though Mr. Johnson is participating in the IFRP, the government is not precluded from seeking additional funds for his outstanding restitution debt. *See* 18 U.S.C. § 3572(d)(1); *United States v. Wykoff*, 839 F.3d 581, 582 (7th Cir.

---

[1] The IFRP is a voluntary program run by the BOP that is designed to teach financial responsibility to inmates and to assist inmates in getting their criminal monetary penalties fulfilled.

2016). "[T]he [IFRP] and the government's ability to collect restitution are not mutually exclusive." *United States v. Lemberger*, 673 F. App'x 579, 580 (7th Cir. 2017). The Government may enforce a restitution order by "all other available and reasonable means," in collecting restitution. *Id.* Mr. Johnson also argues that the law does not allow his money to be garnished because the funds stem from a stimulus check. However, this argument is unavailing because he cannot point to any portion of the American Rescue Plan Act, under which the funds were provided, that prohibits a transfer to pay restitution or places the funds in an exempted category under § 3613(a)(1). The Court thus concludes, despite Mr. Johnson's arguments in opposition, that the Government's request to transfer the funds from Mr. Johnson's trust account to pay for his restitution is proper pursuant to both § 3664(k) and § 3664(n).

For the foregoing reasons, the Court GRANTS the Government's motion [DE 62] and ORDERS the Bureau of Prisons to turn over the $1,101.36 in funds in Mr. Johnson's inmate trust account over to the U.S. District Court Clerk, United States District Court, 204 S. Main Street, South Bend, IN 46601. The Clerk shall apply these funds as payment for the restitution owed by Mr. Johnson in this case.

SO ORDERED.

ENTERED: August 10, 2021

/s/ JON E. DEGUILIO
Chief Judge
United States District Court